## MARTHA HALE *et al. v.* JAMES BRENNAN, EXECUTOR, ETC.

A brought an action against B to recover for the value of services alleged to have been rendered by A, for B, in keeping a hotel. The defense was, that A and B were partners. On the trial, B, after introducing some evidence, which tended to show a partnership, offered in evidence the books of the hotel, as further evidence of the partnership: *held*, not to be error, and that if the books afforded any evidence of a partnership, the entries were admissible.

The books of a partnership are evidence in actions between the partners, and when kept subject to the inspection of each, must be admitted as correct until the contrary is shown.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The facts are stated in the opinion of the Court.

*Joseph H. Skene,* for Appellants.

The account books of the deceased, the defendant's testator, were his own written declarations, made without the knowledge of the plaintiffs, and inadmissible in favor of the executor representing him in this action.   (1 Phillips on Ev., Cowen, Hill & Edwards' Ed. 37.)

The entries made by his servant were equally inadmissible to prove a partnership existing between his employer and the female plaintiff; made as they were without her knowledge, and by a person not under her authority, and coming within no exception to the general rule excluding hearsay evidence.   (1 Phil. on Ev. 357.)

Error is presumed from the admission of improper testimony, until the contrary is shown.   (*Grimes* v. *Fall*, 15 Cal. 63.)

*Robinson & McConnell*, for Respondent.

A proper foundation was laid for the introduction of the book in evidence.   And the rule is well settled, that the books, in such cases, are admissible in evidence.   (1 Greenl. on Ev. Secs. 116–118; *Landers* v. *Turner*, 14 Cal. 574; *Le France* v. *Nevitt*, 7 Id. 186.)   The fact of the death of said James Skene, is not material to the admissibility of this kind of evidence.   (1 Greenl. on Ev. Sec. 120, and authorities cited.)

The second point relied on by the appellants is, that the entries in the books were inadmissible to prove a partnership.   That the entries in the books were admissible in evidence, as being part of the *res gestæ*, there cannot be a question of doubt.   (1 Greenl. on Ev. Sec. 120; *Dr. Pattershall* v. *Turford*, 3 B. & Ad. 890; *Poole* v. *Dieas*, 1 Bing. N. C. 654.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by husband and wife, for services rendered by the wife before her marriage, for the defendant's testator, in keeping the Santa Cruz Hotel.   The defense was, that she was a partner of plaintiffs' testator in keeping the hotel, and not his servant.   The defendant recovered judgment, from which the plaintiffs appeal.

The only error assigned is the admission in evidence of the books

of the hotel. It was admitted at the trial that she was the owner of one-half of the hotel, and of the furniture and fixtures therein, at the time of the performance of the alleged services. It was also proved that the business was carried on, and the books kept in the name of " The Santa Cruz Hotel ; " and upon the death of the testator she took these books out of the trunk of the testator, in his room, and examined them ; and that the executor afterwards took charge of them. They were proved to be the books of the hotel by a witness who, as clerk, had kept them in part ; and that all the entries not in his handwriting were in the handwriting of the testator. It seems there was also other evidence tending to show a partnership. The books were then offered to show that several charges appeared therein against the testator, and also against her.

Under the circumstances of the case, there was no error in admitting the books. They may have afforded very little evidence upon the main question, whether or not there was a partnership existing between the female plaintiff and the testator during the time of the alleged services, but if they afforded any, they were admissible. The possession of books and documents, or the circumstance that a party had access to them, has been considered a ground for affecting him with the admission of the facts stated in them. (1 Phil. Ev., C., H. & E's Notes, 446.) So, although the books of an individual are not evidence in his favor against others, yet, from the very nature of the case, the books of a partnership must be evidence between the partners themselves. Such books, kept subject to the inspection of each, must be admitted as correct until the contrary is shown. (Id. 448, note.) The record does not show all the evidence introduced preliminary to the offer of the books, and it is to be presumed that there was sufficient to authorize the Court to admit them, as error in the action of the Court is not to be presumed. If it was shown that she had access to the books during the time they were kept, that would be a strong circumstance to hold her bound by the statements therein, if any there were. The record does not disclose what entries therein were used in evidence, so that we are unable to determine whether they were material or not.

The judgment is affirmed.